IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

CLARENCE RAY SMITH, Jr.,

     Petitioner,

v.                               Case No. 1:18-cv-01250

MARCUS MARTIN, WARDEN

     Respondent. [1]

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and Respondent's Motion to Dismiss, or, in the Alternative, to Transfer. (ECF Nos. 1, 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241

---

[1] Petitioner was incarcerated in Federal Correctional Institution McDowell ("FCI McDowell") in Welch, West Virginia when he filed the instant petition, and he correctly named as respondent Barbara Rickard, the warden at that facility. Since that time, Petitioner has been transferred to Federal Correctional Institution Yazoo City ("FCI Yazoo") in Yazoo City, Mississippi where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), Marcus Martin, warden of FCI Yazoo, will be substituted as Respondent in this case. Although Petitioner is no longer in custody in the Southern District of West Virginia, this Court retains jurisdiction over the matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990)).

petition be **DENIED**; that Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

## I.     <u>Factual and Procedural Background</u>

On December 10, 2008, Petitioner Clarence Ray Smith, Jr. ("Smith") was indicted by a grand jury sitting in the United States District Court for the Northern District of Texas ("District Court") for conspiring to distribute or possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 ("Count One"); possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) ("Count Two"); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) ("Count Three"); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Four"); being a convicted felon in possession of a firearm with the armed career criminal enhancement in violation of 18 U.S.C. § 922(g)(1) and § 924(e) ("Count Five"); and two counts of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1), and 841(b)(1)(C) ("Counts Six and Seven"). *United States v. Smith,* Case No. 6:08-cr-00048-C-BG (N.D. Tex. Dec. 10, 2008) at ECF No. 1.

On February 26, 2009, Smith entered into a plea agreement whereby he assented to plead guilty to Count Five of the indictment in exchange for the dismissal of the remaining counts. *Id.* at ECF No. 15 at 1, 3. In the plea agreement, Smith waived the "right to contest his conviction and sentence in any collateral proceeding," except for claims that the sentence exceeded the statutorily permissible amount, or claims of ineffective assistance of counsel. *Id.* at 4. Smith additionally submitted a "factual resume" outlining the factual basis for the conviction. *Id.* at ECF No. 17. In the factual resume, Smith admitted that, on or about October 23, 2008, he knowingly possessed a firearm in and

affecting interstate commerce. *Id.* at 2. Smith further admitted that the firearm was discovered, along with 252 grams of cocaine, 133 grams of cocaine base, $4,000 in United States currency, and various items associated with drug trafficking, by law enforcement officials pursuant to a lawful search of a residence inhabited by Smith. *Id.* Smith additionally attested that he had been previously convicted of several felonies punishable by a term of imprisonment in excess of one year:

> Specifically, on November 22, 2005, in case number A-05-1336-S, in the 51st Judicial District Court of Tom Green County, Texas, Smith was convicted of possession with intent to deliver cocaine in an amount by aggregate weight of one gram or more, but less than four grams, a second-degree felony, and sentenced to thirteen years imprisonment in the Texas Department of Criminal Justice—Institutional Division. On November 22, 2005, in case number A-05-1169-S, in the 51st Judicial District Court of Tom Green County, Texas, Smith was convicted of possession with intent to deliver cocaine in an amount by aggregate weight of four grams or more, but less than 200 grams, a first-degree felony, and sentenced to thirteen years imprisonment in the Texas Department of Criminal Justice—Institutional Division. On November 13, 2002, in case number A-02-0383-S, in the 51st Judicial District Court of Tom Green County, Texas, Smith was convicted of possession with intent to deliver cocaine, in an amount by aggregate weight of four grams or more but less than 200 grams, a first-degree felony, and sentenced to five years imprisonment in the Texas Department of Criminal Justice—Institutional Division.

*Smith,* Case No. 6:08-cr-00048-C-BG at ECF No. 17 at 2-3. Smith stated that these drug convictions were "serious drug offenses" and thus subjected Smith to the enhanced penalty provision contained in § 924(e). *Id.* at 3. Smith signed a statement verifying that the facts contained in the factual resume were true and correct, and further confirmed, in the plea agreement, that the factual resume was true and would be submitted as evidence. *Id.* at ECF Nos. 15 at 2, 17 at 4.

In a hearing held on February 26, 2009, Smith pled guilty in open court and stated he understood by doing so he would be subject to a minimum prison term of 15 years and a maximum of life imprisonment. *Id.* at ECF No. 34 at 4-5. Smith affirmed that he had

read the factual resume, and it accurately recited the facts which formed the basis of his guilty plea. *Id.* at 6-7. The District Court found that Smith was "fully competent and capable of entering an informed plea and that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense charged in Count 5." *Id* at 7. The District Court accordingly accepted Smith's guilty plea. *Id.*

Smith's sentencing hearing was held on June 12, 2009. *Smith,* Case No. 6:08-cr-00048-C-BG at ECF No. 35. At the hearing, the United States requested, and the District Court granted, the withdrawal of the remaining counts in the indictment. *Id.* at 2. Smith's counsel requested a sentence of 204 months, and the District Court imposed a sentence of 235 months imprisonment and five years of supervised release. *Id.* at 3-4. The District Court stated that it found the sentence appropriate due to Smith's history of prior convictions. *Id.* at 4. Smith did not appeal the sentence.

On March 5, 2012, Smith filed a Motion to Reconsider and to Vacate Enhancement. (ECF No. 9-4). In the motion, Smith contended that his prior state convictions were not "serious drug offenses" as defined by the Armed Career Criminal Act of 1984 ("ACCA"). (*Id.* at 1). Smith relied on the Supreme Court of the United States' ("Supreme Court") decisions in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Rodriquez*, 553 U.S. 377 (2008) in support of his argument that the District Court erred by considering the maximum sentences permitted by law, rather than the sentences Smith actually received, in determining that his state convictions qualified as serious drug offenses under the ACCA. (*Id.* at 2-4).

The District Court denied the motion on March 30, 2012. (ECF No. 9-5). The District Court construed Smith's motion to be filed pursuant to either Federal Rules of

Criminal Procedure 33 or 35, and found that the motion was clearly untimely under either rule. (*Id.* at 1-2). Smith appealed the denial of his motion to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") on April 5, 2012. (ECF No. 9-6). In May 2012, the Fifth Circuit dismissed Smith's appeal for a lack of prosecution as Smith failed to pay the docketing fee. (ECF No. 9-7).

On August 2, 2012, Smith filed a Motion to Vacate under Section 2255, arguing that his attorney provided ineffective assistance of counsel for failing to file a direct appeal after Smith and his family members instructed the attorney to do so. (ECF No. 9-8 at 4). Smith alleged that he had told his attorney to file an appeal challenging the use of his prior state convictions as predicate offenses under § 924(e) of the ACCA. (*Id.*). Smith also argued that his attorney was ineffective for failing to challenge the use of Smith's prior felonies as predicate offenses under § 924(e), as well as for failing to investigate the case in order to determine that the government would be unable to prove the drug quantities alleged in the dismissed counts of the indictment. (*Id.*).

On May 6, 2013, Smith filed a motion requesting that his sentence be reduced pursuant to 18 U.S.C. 3582(c)(2). *Smith,* Case No. 6:08-cr-00048-C-BG at ECF No. 36. The United States filed a response asserting that the statute did not apply to Smith's sentence as he was not sentenced based on drug quantity, but based on his status as an armed career offender. *Id.* at ECF No. 38 at 5-6. On July 18, 2013, the District Court denied Smith's motion for the reasons set forth in the United States' response. *Id.* at ECF No. 39 at 2.

On August 23, 2013, the District Court dismissed Smith's § 2255 petition, finding that the petition was barred by the statute of limitations, and that Smith had not established that he was entitled to equitable tolling. (ECF No. 9-9 at 4, 9). The District

Court additionally found Smith's claims to be "frivolous and unsubstantiated." (*Id*. at 6). The District Court noted that Smith's claim that the Fifth Circuit decision in *United States v. Gonzales*, 484 F.3d 712 (5th Cir. 2007), established that his prior convictions under Section 481.112(a) of the Texas Health and Safety Code were ineligible as predicate offenses under § 924(e) was meritless as *Gonzales* was not applicable to Smith's sentence. (*Id*. at 7). *Gonzales* held that convictions under § 481.112(a) of the Texas Health and Safety Code encompassed activity that did not fall within the definition of a "drug trafficking offense" contained in § 2L1.2 of the United States Sentencing Guidelines ("USSG"), but "Smith's enhancement was pursuant to 18 U.S.C. § 924(e), not the sentencing guidelines." (*Id*.). The District Court accordingly denied Smith's § 2255 petition. (*Id*. at 8). Smith appealed the denial of his petition to the Fifth Circuit on September 6, 2013. (ECF No. 9-11). The Fifth Circuit denied the appeal on April 4, 2014, finding that Smith had failed to brief or address the dispositive issue of whether the District Court had erred by denying his § 2255 petition as time-barred. (ECF No. 9-12 at 1).

On April 6, 2015, Smith filed a letter, which he later amended to a § 2241 petition. (ECF Nos. 9-16, 9-17). In the petition, Smith argued that he had been improperly denied credit for time-served while in custody for state convictions. (ECF No. 9-17 at 5-7). On August 6, 2015, the District Court transferred Smith's petition to the United States District Court for the Western District of Louisiana, noting that Smith was incarcerated within that district when he filed his petition and that the district of incarceration was the appropriate district to consider a § 2241 petition. (ECF No. 9-18 at 1). On December 1, 2015, Magistrate Judge James Kirk, sitting in the Western District of Louisiana, submitted a Report and Recommendation that recommended Smith's petition be dismissed on the merits. *Smith v. United States of America,* Case No. 1:15-cv-02152-JTT-

JPM (W.D. La. Aug. 6, 2015) at ECF No. 15 at 3-4. The Report and Recommendation was adopted on January 13, 2016 given that neither party had filed objections. *Id.* at ECF No. 18.

Smith filed a second petition under § 2255 on February 24, 2017, in which he argued that the recent decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir.) entitled him to relief. (ECF No. 9-13 at 9, 12). On February 28, 2017, the District Court found that Smith's § 2255 petition was successive and transferred it to the Fifth Circuit for consideration. (ECF No. 9-14 at 1). On June 1, 2017, the Fifth Circuit construed the transferred filing as a request to file a second or successive § 2255 motion and denied it. (ECF No. 9-15). The Fifth Circuit determined that Smith failed to meet the mandates of § 2255(h)(2), which required a federal prisoner seeking to file a second or successive § 2255 petition to show that the petition relied on either new evidence or, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (*Id.* at 1-2) (quoting 28 U.S.C.A. § 2255(h)(2)). The Fifth Circuit found that Smith failed to meet this requirement as *Mathis* did not "provide a basis for authorization under § 2255(h)(2)," and because *Tanksley* and *Hinkle* were decided by the Fifth Circuit and did not establish a new rule of constitutional law made retroactive by the Supreme Court. (*Id.* at 2).

On August 23, 2018, Smith filed the instant § 2241 petition. (ECF No. 1). Smith argues that the Fifth Circuit decision in *Hinkle* retroactively voided his sentence enhancement under § 924(e), because it invalidates the use of his prior convictions as predicate offenses under the ACCA. (ECF No. 2 at 9). Smith contends that *Hinkle*, as an

extension of *Mathis,* creates a new rule of statutory interpretation, entitling him to utilize the savings clause and challenge his sentence via § 2241. (*Id.* at 12).

On October 12, 2018, Respondent filed a Motion to Dismiss, or, in the Alternative, to Transfer, and a supporting Memorandum. (ECF Nos. 9, 10). In the Memorandum, Respondent argues that the petition should be dismissed as inappropriately filed under § 2241 given that Smith is challenging the imposition of his sentence rather than its execution, and he does not meet the requirements of the savings clause. (ECF No. 10 at 4-6). Respondent contends that Smith's claim of a retroactive change in the law, rendering invalid the use of his prior convictions as predicate offenses under the ACCA, lacks merit. (*Id.* at 6). Respondent further asserts that the petition should be dismissed rather than transferred to the Fifth Circuit as the Fifth Circuit has already considered and rejected Smith's claims, making transfer frivolous. (*Id.* at 7). Finally, Respondent argues that Smith waived the right to challenge his sentence on collateral review in his plea agreement and is therefore barred from filing this § 2241 petition. (*Id.* at 8).

On October 22, 2018, Smith filed a Response to the Motion to Dismiss in which he disputes Respondent's conclusions. (ECF No. 13). Smith refutes Respondent's contention that the petition lacks merit, pointing out that the Fifth Circuit decision relied on by Respondent in support of his position is based on a case that was decided before *Hinkle*. (*Id.* at 3-4). Smith additionally asserts that his plea agreement does not preclude him from advancing his claim for relief as his instant claim falls outside the scope of his waiver. (*Id.* at 7).

## II.    **Discussion**

Despite the title he affixes to his petition, Smith unequivocally challenges the validity of his conviction and sentence, and not the execution of his sentence. As such, his

filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect

to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit in *Wheeler* held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed.Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed.Appx. 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

### 1. Governing law

Smith was convicted in the Northern District of Texas which sits within the Fifth Circuit. As he was temporarily incarcerated within the jurisdiction of the Southern District of West Virginia, however, he filed the instant § 2241 petition in this Court. Courts in this circuit considering similar cases have generally found "that the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted." *Chaney v. O'Brien*, No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (W.D.

Va. Apr. 23, 2007), *aff'd,* 241 F. App'x 977 (4th Cir. 2007). "Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Moreover, applying the law of the court of confinement would result in the choice of law being based "on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." *Chaney,* No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (internal quotation omitted). This could result in inequitable outcomes such as co-defendants convicted of the exact same crimes receiving different relief based on the location of their confinement. *Id.* For these reasons, when analyzing a federal inmate's § 2241 petition, courts in this circuit have generally applied the substantive law of the court of conviction when it differs from the substantive law of the reviewing court's circuit. *See Eames v. Jones,* 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) ( finding that "the substantive law of the circuit where a [p]etitioner was convicted controls his habeas petition."); *see also Bender v. Carter*, No. 5:12CV165, 2013 WL 5636745, at *2 (N.D.W. Va. Oct. 15, 2013), *aff'd*, 564 F. App'x 694 (4th Cir. 2014) (finding that the substantive law of the court of conviction should apply to § 2241 petition, but procedural law of reviewing court should govern its application); *Morgenstern v. Andrews*, No. 5:12-HC-2209-FL, 2013 WL 6239262, at *3 (E.D.N.C. Dec. 3, 2013), *aff'd*, 569 F. App'x 158 (4th Cir. 2014) ("Thus, the court finds that the Eleventh Circuit's substantive law governs the 'savings clause' analysis in this action."); *Perkins v. Vereen*, No. 8:19-CV-0047-MGL-JDA, 2019 WL 1411105, at *3 (D.S.C. Feb. 4, 2019), *report and recommendation adopted*, No. CV 8:19-0047-MGL, 2019 WL 1405824 (D.S.C. Mar. 28, 2019) (applying the substantive law of the court of conviction to a § 2241 petition).

The Fourth Circuit recently considered the issue when reviewing a § 2241 petition

by a petitioner who was convicted in the Eleventh Circuit, but brought the petition in a federal district court in North Carolina due to his incarceration within the state. *See Moss v. Atkinson*, No. 18-6096, 2019 WL 1766996, at *1 (4th Cir. Apr. 19, 2019) (unpublished). The Fourth Circuit determined that the petitioner could not meet the savings clause requirement "because his sentence is still legal under Eleventh Circuit law." *Id.* at *2. The Fourth Circuit went on to note that "[t]his court has not definitively resolved whether a petitioner sentenced out of circuit must show that his sentence is illegal under the sentencing circuit's law or our circuit's law," but determined, without expressly deciding the issue, that in the case before it the Eleventh Circuit's substantive law should apply because the parties agreed Eleventh Circuit law should apply, and "applying our court's substantive law likely wouldn't change the outcome." *Id.* at *2 n.1.

While courts in this circuit that have analyzed claims brought by petitioners convicted in a different circuit have generally applied the substantive law of the court of conviction, they have continued to apply the procedural law of the Fourth Circuit. *See Bender*, No. 5:12CV165, 2013 WL 5636745, at *2 (rejecting the petitioner's argument that the court erred by employing *Wheeler* when determining whether the petitioner met the savings clause requirements); *Moss,* No. 18-6096, 2019 WL 1766996, at *2 (applying Eleventh Circuit substantive law, but using the *Wheeler* test to determine whether the petitioner met the savings clause). Accordingly, the undersigned will consider Smith's § 2241 petition under the substantive law of the Fifth Circuit, while applying the procedural law of the Fourth Circuit.

### 2. Waiver

As an initial matter, the parties dispute whether Smith is able to bring this claim due to a waiver provision in his plea agreement. (ECF Nos. 10 at 8, 13 at 7). The Fourth

Circuit has recognized that a defendant may waive his right to collaterally attack his conviction. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). There is, however, a narrow class of exceptions to a valid collateral attack waiver, including claims that a petitioner is actually innocent of a conviction, or that the sentence imposed was in excess of the maximum penalty allowed by statute. *See Smith v. United States*, No. 3:09-CR-00158-06, 2012 WL 5987526, at *22 n.13 (S.D.W. Va. June 27, 2012), *report and recommendation adopted*, No. CIV.A. 3:10-1398, 2012 WL 5987543 (S.D.W. Va. Nov. 29, 2012); *see also Whitaker v. Dunbar*, 83 F. Supp. 3d 663, 669 (E.D.N.C. 2014).

Courts in this circuit are divided over whether waiver of the right to attack a sentence collaterally precludes a petitioner from raising an argument that they no longer qualify for the mandatory enhancement provision provided by the ACCA. *Compare United States v. Hairston,* No. 4:04-CR-00008-1, 2018 WL 561861, at *4 (W.D. Va. Jan. 25, 2018) (finding that collateral attack waiver did not preclude claim that prior convictions no longer qualified as ACCA enhancement offenses); *United States v. Johnston*, No. 3:08-CR-00042, 2017 WL 3326971, at *3 (W.D. Va. Aug. 3, 2017), *vacated and remanded on other grounds*, 739 F. App'x 202 (4th Cir. 2018) (same) *with Armstrong v. United States*, No. 4:11-CR-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016) ( finding a collateral attack waiver barred claim that *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated the use of prior conviction for ACCA enhancement); *Taylor v. United States*, No. 1:08CR211-1, 2016 WL 5819812, at *1 (M.D.N.C. June 27, 2016), *report and recommendation adopted*, No. 1:08CR211-1, 2016 WL 5818552 (M.D.N.C. Oct. 5, 2016) (same). This Court has expressed skepticism regarding whether a claim similar to Smith's was able to overcome a collateral attack waiver, but went on to reject the claim on the merits. *See Daugherty v. United States,* No. 2:15-CR-00121, 2018

13

WL 4474684, at *2 (S.D.W. Va. Aug. 27, 2018), *report and recommendation adopted*, No. CR 2:15-00121, 2018 WL 4473104 (S.D.W. Va. Sept. 18, 2018). Ultimately, the undersigned **FINDS** that it is unnecessary to determine whether Smith's claim that his sentence under § 924(e)(1) is now invalid is waived by his plea agreement, as the claim fails on the merits.

### 3. The validity of the predicate offenses

Smith was convicted of being a felon in possession of a firearm in violation of § 922(g)(1). (ECF No. 9-3). A conviction for being a felon in possession of a firearm ordinarily carries a maximum sentence of 10 years. *See* 18 U.S.C. § 922(g)(1); 924(a)(2). However, a defendant who is found guilty of that offense and has three prior convictions that are either "violent felonies" or "serious drug offenses" faces a punishment range of 15 years to life. *See* 18 U.S.C. § 924(e)(1). Smith was found to meet the enhancement provision contained in § 924(e)(1) when the District Court determined that Smith had three prior convictions that were "serious drug offenses." *Smith,* Case No. 6:08-cr-00048-C-BG at ECF Nos. 17 at 2-3, 35 at 3-4. Specifically, Smith admitted that he had previously received three convictions for possession with the intent to deliver cocaine in violation of Texas state law. *Id.* at ECF No. 17 at 2-3.

Smith's prior convictions were pursuant to Texas Health and Safety Code Section 481.112(a) which makes it a crime to "knowingly manufacture[], deliver[], or possess[] with intent to deliver a controlled substance." Tex. Health & Safety Code § 481.112(a). A separate section of the statute defines "deliver" as:

> to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia.

Tex. Health & Safety Code § 481.002(8). In *Hinkle,* the case relied upon by Smith, the Fifth Circuit considered an argument raised by the defendant on appeal that a conviction under Section 481.112(a) did not meet the definition of a "controlled substance offense" contained in § 4B1.1(a) of the United States Sentencing Guidelines ("USSG" or "Guidelines"). *See* 832 F.3d at 571. USSG § 4B1.1 provides a "career offender" enhancement if a defendant is convicted of certain felonies and has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See* USSG § 4B1.1(a). Section 4B1.2 of the Guidelines defines a controlled substance offense as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b). The Fifth Circuit determined first that § 481.112(a) of the Texas Health and Safety Act swept more broadly than the definition of a "controlled substance offense" contained in the USSG as, under the Act, one could be convicted of merely "offering to sell" a controlled substance. *See Hinkle*, 832 F.3d at 572. The Fifth Circuit next considered whether the statute in question was "divisible," in that it "sets forth different offenses, such that delivering a controlled substance by 'offering to sell' it is a separate and distinct offense from delivering a controlled substance by 'transfer[ing], actually ..., to another a controlled substance.'" *Id.* at 573 (citing Tex. Health & Safety Code § 481.002(8)) (alterations original). The Fifth Circuit concluded that, in light of the Supreme Court decision in *Mathis*, as well as Texas state courts' interpretation of § 481.112(a), the statute was not divisible. *Id.* at 575-76 (citing *Lopez v. State,* 108 S.W.3d 293 (Tex. Crim. App.

15

2003)). Accordingly, the Fifth Circuit concluded that Section 481.112(a) criminalized a "greater swath of conduct than the elements of the relevant [Guidelines] offense," and that "[t]his mismatch of elements means that [the defendant's] conviction for the knowing delivery of heroin is not a controlled substance offense under the Guidelines." *Id.* at 576.

In *United States v. Tanksley*, the Fifth Circuit clarified that *Mathis* contravened an earlier Fifth Circuit opinion, *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007), which had held that Texas Health and Safety Code § 481.112(a) was divisible. *See* 848 F.3d 347, 349 (5th Cir.), *supplemented by*, 854 F.3d 284 (5th Cir. 2017). In reaching the conclusion that *Ford's* holding was overturned by *Mathis*, the Fifth Circuit noted that the statute permitted a conviction for the mere offer to sell controlled substances, while the definition of a "controlled substance offense" under the Guidelines required the defendant to be convicted of *possession* with the intent to sell. *Id.* at 351-52.

Smith was subjected to a sentence enhancement, but not under the career offender enhancement contained in USSG § 4B1.1(a); instead, he was sentenced using the statutory enhancement contained in § 924(e)(1) of the ACCA for those convicted of being a felon in possession of a firearm in violation of § 922(g). That provision provides that any person convicted under § 922(g) who has three previous convictions for either a "violent felony" or "serious drug offense" is subject to a statutorily enhanced sentence. *See* 18 U.S.C.A. § 924(e)(1). The statute defines a "serious drug offense" as:

> an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance

> (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C.A. § 924(e)(2)(A)(i)-(ii). Respondent contends that the decision in *Hinkle* does not apply to Smith's case as the decision does not apply to the enhancement provision contained in § 924(e)(1). (ECF No. 10 at 6). Respondent notes that the Fifth Circuit has continued to uphold the use of convictions under § 481.112(a) as predicate offenses for the ACCA enhancement following *Hinkle*. (*Id.*). Smith disputes this conclusion and contends that the decision in *Hinkle* controls since the cases cited by Respondent rested on decision that were no longer valid in light of *Hinkle* and other related cases. (ECF No. 13 at 4).

The definition provided for a "controlled substance offense" under the USSG career offender enhancement, and the definition provided for a "serious drug offense" under the ACCA are similar, but not identical. The most relevant difference between the two is that the Guidelines definition applies to an offense which "*prohibits* the manufacture, import, export, distribution, or dispensing of a controlled substance," while the definition contained in § 924(e)(1) applies to an offense "*involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C.A. § 924(e)(2)(A)(ii); USSG § 4B1.2(b) (emphases added). This circuit, as well as the Fifth Circuit, have found that the use of the word "involving" in the definition of a "serious drug offense," under the ACCA, "suggests that the subsection should be read expansively." *United States v. Brandon*, 247 F.3d 186, 190 (4th Cir. 2001); *see also United States v. Winbush*, 407 F.3d 703, 708 (5th Cir. 2005) (use of term "involving" suggests Congress intended a broad interpretation of offenses which fall within the definition). Other circuits have come to similar conclusions. *See United States v. King,* 325 F.3d 110, 113 (2d Cir.

2003) ("The word 'involving' has expansive connotations, and ... it must be construed as extending the focus of § 924(e) beyond the precise offenses of distributing, manufacturing, or possessing, and as encompassing as well offenses that are related to or connected with such conduct."); *see also United States v. Alexander,* 331 F.3d 116, 131 (D.C. Cir. 2003) (use of term "involving" indicates that Congress intended to include inchoate offenses in its definition of a "serious drug offense"); *United States v. McKenney*, 450 F.3d 39, 43 (1st Cir. 2006) (same).

Since the ACCA enhancement defines qualifying predicate offenses as ones which merely "involve" manufacturing, possessing, or distributing drugs, while the definition under the USSG career offender enhancement does not, courts have generally read the career offender enhancement as providing a narrower definition for qualifying predicate offenses than that contained in the ACCA. *See United States v. Bynum*, 669 F.3d 880, 886 (8th Cir. 2012) ("We similarly reject [the appellant's] argument that the ACCA's definition of 'serious drug offense' should be interpreted narrowly to conform to the sentencing guidelines' definitions of 'controlled substance offense' and 'drug trafficking offense.'"); *see also United States v. Lisbon*, 276 F. Supp. 3d 456, 458 n.2 (D. Md. 2017) (contrasting the definition of "serious drug offense" contained in the ACCA with that provided for the Guidelines career offender enhancement). Most relevant to this case, the Fifth Circuit has previously considered the specific claim raised by Smith—that a conviction under the Texas Health and Safety Code § 481.112(a) cannot be considered a "serious drug offense" under the ACCA because a defendant may be convicted for merely offering to sell controlled substances—and rejected it. *See United States v. Vickers*, 540 F.3d 356, 366 (5th Cir. 2008). In so doing, the Fifth Circuit noted that "[t]he word 'involving' is an exceedingly broad term for a statute." *Id.* at 365. The Fifth Circuit further

distinguished the definition of a "serious drug offense" under the ACCA from the definition of a "drug trafficking offense" contained in a sentencing enhancement provision of the Guidelines.[2] *Id.* at 364-65. The Fifth Circuit distinguished these sentencing enhancements based on the fact that the ACCA definition included the expansive term "involving," while the USSG definition did not. *Id.*

    *Hinkle, Tanksley,* and *Mathis* are not relevant to Smith's case. As discussed above, *Hinkle* and *Tanksley* grappled with the effect of *Mathis* on the divisibility of § 481.112(a) because if the statute was not divisible, then convictions pursuant to it could not be considered predicate offenses under § 4B1.1(a)'s career offender enhancement. *See Tanksley,* 848 F.3d at 352. However, the issue of divisibility is not relevant to the question of whether a conviction under the Texas statute can constitute a predicate offense for the ACCA enhancement, as the Fifth Circuit has already determined that a conviction under § 481.112(a), even for merely offering to sell controlled substances, is sufficient to qualify as a "serious drug offense." *Vickers,* 540 F.3d at 366. As such, subsequent to the decisions in *Hinkle* and *Tanksley,* the Fifth Circuit has continued to consistently deny claims, which argue that a conviction under § 481.112(a) cannot serve as a "serious drug offense" for the purposes of the ACCA enhancement. *See United States v. Cain*, 877 F.3d 562 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1579, 200 L. Ed. 2d 766 (2018) ("A conviction under Section 481.112(a) qualifies for the ACCA enhancement under § 924(e)."); *See also United States v. Thomas*, 698 F. App'x 790, 791 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1310 (2018) (convictions under § 481.112(a) still qualify as "serious drug offenses" for the purposes of the ACCA enhancement) (unpublished); *United States v. Prentice*, 721 F. App'x 393 (5th

---

[2] Specifically, § 2L1.2 which provide for a 16–level enhancement for a defendant convicted of unlawfully reentering the United States if the defendant has a prior felony conviction for a "drug trafficking offense." USSG 2L1.2(a).

Cir. 2018) (same); *United States v. Yarbrough*, No. 18-11138, 2019 WL 2145638, at *1 (5th Cir. May 15, 2019) (same).

Thus, contrary to Smith's contention, he is not able to utilize the savings clause provision contained in § 2255(e) to challenge his sentence in a § 2241 petition because the substantive law regarding the legality of his sentence has not changed. *Wheeler*, 886 F.3d at 429. Considering that Smith's prior convictions for possession with the intent to deliver cocaine under § 481.112(a) of the Texas Health and Safety Code still qualify under Fifth Circuit law as predicate offenses for the enhancement provision of § 924(e), the undersigned **FINDS** that this Court lacks the jurisdiction to consider Smith's § 2241 petition challenging his sentence.

### B. The Petition as a § 2255 Motion

Inasmuch as Smith's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Smith's action, then he will be required to pursue his claim in the United States District Court for the Northern District of Texas. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Smith's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Smith's apparent lack of authorization from the Fifth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL

6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fifth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). The Fifth Circuit has also recognized that "it is not in the interest of justice to transfer a meritless claim that will consume judicial time and resources." *See Mendez v. United States*, No. 7:15-CR-1367-1, 2017 WL 4221146, at *3 (S.D. Tex. Aug. 23, 2017), *report and recommendation*

*adopted*, No. CR M-15-1367-1, 2017 WL 4180156 (S.D. Tex. Sept. 21, 2017) (citing *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir.1989)).

For an appellate court to grant a Smith's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Smith's claim, it appears that a transfer is not warranted because Smith does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

Smith's claim does not rest on any newly discovered evidence as required by § 2255(h)(1); instead, he argues that the law has changed subsequent to his conviction, rendering his sentence illegal. (ECF No. 2 at 4-5). However, Smith is unable to meet the requirements of § 2255(h)(2), because he has not identified a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Moreover, the undersigned need not speculate as to how Smith's claim would fare if transferred to the Fifth Circuit, as the Fifth Circuit has previously considered and dismissed the claim Smith attempts to raise. (ECF No. 9-15 at 1-2). Consequently, to transfer a claim to the Fifth Circuit, which it has already reviewed and rejected, would undoubtedly be a waste of

22

judicial resources. Given that the Fifth Circuit has directly considered and refused Smith's claim for relief based on the decisions in *Hinkle, Tanksley,* and *Mathis,* the undersigned **FINDS** that transfer of a petition again based on these cases is frivolous and thus not warranted under § 1631.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Smith's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's Motion to Dismiss, (ECF No. 9), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the parties and any counsel of record.

**FILED:** June 11, 2019

Cheryl A. Eifert
United States Magistrate Judge

24