```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

CLARENCE RAY SMITH, JR.,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:18-01250

MARCUS MARTIN, WARDEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

     By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on June 11, 2019, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant defendant's motion to dismiss, dismiss this action with prejudice, and remove this matter from the court's docket.

     In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On June 25, 2019, Smith filed a motion to extend his deadline for filing objections. That motion was granted and he was given until August 15, 2019 to file objections. Smith filed his objections on August 12, 2019. Therefore, his request for a second extension of time to file objections (ECF No. 30) is **DENIED** as moot. With respect to Smith's objections, the court has conducted a de novo review.

As a preliminary matter, in his objections, Smith contends:

> Now comes the respondent nine months later, past due, and files proposed objections and findings, that due to the lack of meeting the time allotted to do so should be time-barred and considered frivolous and hold no merit or consideration in this case. If this honorable and respectful court upholds the motions from the respondent of his objections and findings and recommendations, it should show great favoritism, bias and would be reflecting a violation for the petitioners [sic] due process rights, and would be "perpetuating incorrect procedure and law" of this circuit and show prejudice toward the petitioner. Moreover, I request the respondents' objectives, findings and recommendations not be considered and ignored in this case.

ECF No. 31 at p.3. As noted above, the PF&R was entered by Magistrate Judge Eifert, not defendant. Therefore, any objection suggesting that the court should not consider it is without merit and, therefore, **OVERRULED**.

On February 26, 2009, in the United States Court for the Northern District of Texas, Smith pled guilty to being a convicted felon in possession of a firearm with the armed career

2

criminal enhancement, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1]  In doing so, Smith acknowledged that he had three prior Texas drug convictions that would subject him to the enhanced penalty provisions contained in § 924(e).  On June 12, 2009, Smith was sentenced to a term of imprisonment of 235 months and a five-year term of supervised release.

In this action, Smith claims that his prior Texas drug convictions no longer qualify as predicate offenses under the ACCA and, therefore, his sentence for being a felon in possession of a firearm should not have been enhanced under the ACCA. Smith's prior convictions were pursuant to Texas Health and Safety Code Section 481.112(a) which makes it a crime to "knowingly manufacture[ ], deliver[ ], or possess[ ] with intent to deliver a controlled substance.  The word "deliver" is further defined by § 481.002(8) to include "offering to sell a controlled substance."  Tex. Health & Safety Code § 481.002(8).

Smith primarily relies on a couple of Fifth Circuit cases in advancing his argument, both of which were thoughtfully discussed by Magistrate Judge Eifert in the PF&R.  In Hinkle v. United States, 832 F.3d 569, 576-77 (5th Cir. 2016), a case decided on direct appeal, the United States Court of Appeals for

---

[1] The Armed Career Criminal Act ("ACCA") provides for an enhanced penalty – a fifteen year mandatory minimum and a maximum of life imprisonment – when a criminal defendant has committed three or more offenses that are either "violent felonies" or "serious drug offenses."  18 U.S.C. § 924(e).

3

the Fifth Circuit held that a conviction pursuant to § 481.112(a) of the Texas Health and Safety Code does not qualify as a "controlled substance offense" for the purpose of the career offender enhancement found at § 4B1.1 of the United States Sentencing Guidelines. In United States v. Tanksley, 848 F.3d 347, 349 (5th Cir. 2017), the court considered whether an earlier case, United States v. Ford, 509 F.3d 714 (5th Cir. 2007), was still good law.[2] In Ford, the court held that a conviction under § 481.112(a) of the Texas Health and Safety Code qualified as a "controlled substance offense" under the United States Sentencing Guidelines. See Tanskley, 848 F.3d at 349. In light of the Supreme Court's decision in Mathis, the Tanksley court held that "Ford cannot stand." Id. at 352.

Relying on Mathis, Hinkle, and Tanksley, Smith contends that his predicate convictions under § 481.112(a) are not serious drug offenses for purposes of the ACCA. However, as Magistrate Judge Eifert pointed out, the Fifth Circuit has already decided this issue- "that a conviction under the Texas Health and Safety Code § 481.112(a) cannot be considered a `serious drug offense' under the ACCA because a defendant may be convicted for merely offering to sell controlled substances—and rejected it" PF&R at

---

[2] Both Hinkle and Tanksley relied on Mathis v. United States, 136 S. Ct. 2243, 2253 (2016), wherein the Court "clarified when and how the modified categorical approach in applied in the context of federal sentencing." Hinkle, 832 F.3d at 574.

4

p. 18 (ECF No. 25); see also United States v. Vickers, 540 F.3d 356, 366 (5th Cir. 2008) ("The offenses specified by the Texas statute—from the offer to sell, to attempted delivery—are all offenses which are `related to or connected with' the distribution of drugs. . . . Therefore, we hold that the district court did not err in concluding that Vickers's Texas conviction for delivery of a controlled substance was a "serious drug offense" for purposes of the ACCA."). The Vickers court recognized that its "holding means that an offense could be found to satisfy the ACCA requirements, while the same offense would not be sufficient to trigger an enhancement under the Sentencing Guidelines." Id.

Furthermore, as Magistrate Judge Eifert also pointed out, even after Hinkle and Tanksley, the holding in Vickers still stands. See United States v. Cain, 877 F.3d 562, 562 (5th Cir. 2017) ("A conviction under Section 481.112(a) qualifies for the ACCA enhancement under § 924(e)."). The Fifth Circuit has, on multiple occasions, found the argument Smith makes herein foreclosed by Vickers. See, e.g., United States v. Yarbrough, No. 18-11138, 770 F. App'x 214, 214 (5th Cir. May 15, 2019); United States v. Mitchell, No. 18-10948, 765 F. App'x 103 (5th Cir. Apr. 22, 2019); United States v. Prentice, No. 17-10113, 721 F. App'x 393, 393 (5th Cir. May 9, 2018); United States v. Thomas, No. 16-11734, 698 F. App'x 790, 791 (5th Cir. Oct. 16,

5

2017), cert. denied, 138 S. Ct. 1310 (2018).  Indeed, just this month, the Fifth Circuit rejected a defendant's argument that "his three Texas convictions for delivery of a controlled substance are not serious drug offenses for purposes of the Armed Career Criminal Act enhancement, 18 U.S.C. § 924(e)." United States v. Alexander, No. 18-11239, 2019 WL 4267356, *1 (5th Cir. Sept. 9, 2019 (holding that defendant's argument was foreclosed by Cain and Vickers).

Despite the foregoing, in his objections, Smith continues to argue that Hinkle, Tanksley, and Mathis entitle him to relief. He does so without specifically addressing Vickers or Cain or meaningfully discussing the differences between "serious drug offense" under the ACCA and "controlled substance offense" under the career offender provision of the Guidelines.  Rather than grapple with those issues, he points the court to several additional cases which, according to him, advance his argument. Unfortunately for Smith, nothing in those cases undermines any of the conclusions in the PF&R.

For example, Smith spends a good portion of his filing discussing a recent case from the United States Court of Appeals for the Seventh Circuit, Beason v. Marske, 926 F.3d 932 (7th Cir. 2019).  In that case, the court held that Beason was entitled to seek federal habeas relief under § 2241 because he was foreclosed from arguing that his prior Wisconsin drug convictions did not

6

count as qualifying "serious drug offenses" under the ACCA at the time of his § 2255 proceeding. Id. at 938.

Smith also cites another case from the United States Court of Appeals for the Sixth Circuit, United States v. Havis, 927 F.3d 382 (6th Cir. 2019). In Havis, the court held that a defendant's prior conviction under Tennessee law for selling or delivering cocaine was not a controlled substance offense under the sentencing guidelines. See id. at 386-87.

Significantly, Beason and Havis are not decisions of the Supreme Court or the United States Court of Appeals for the Fifth Circuit. Therefore, they are not controlling precedent in this case. For this reason, those cases are irrelevant to the legal analysis contained within the PF&R and in the Memorandum Opinion and Order and do not counsel a different result.[3]

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus,

---

[3] Havis and Beason are also distinguishable on their facts. Havis dealt with the definition of "controlled substance offense" contained within the sentencing guidelines and not the definition of "serious drug offense" in the ACCA. See Havis, 927 F.3d at 384. In Beason, the § 2255 savings clause was analyzed under the Seventh Circuit's decision in In re Davenport, see 926 F.3d at 935, and not the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

7

**GRANTS** defendant's motion to dismiss, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 25th day of September, 2019.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge